IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60404
Summary Calendar
_____

DEBRA LAMBERT BOLEY,

Plaintiff-Appellant,

versus

MISSISSIPPI POWER COMPANY; OSCAR JORDAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(1:98-CV-180-GR)
--------------------

December 20, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Debra Lambert Boley appeals the district court's summary judgment dismissal of her Title VII claims against the Mississippi Power Company, as well as the district court's order dismissing her claim for intentional infliction of emotional distress and all claims against Oscar Jordan, her supervisor at the Power Company, in his individual capacity.

On appeal, Boley argues that 1) the district court erroneously dismissed her claims against Jordan on the basis that Title VII does not allow her to maintain an action against him in

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his individual capacity, 2) the district court erroneously ruled that a one-year statute of limitations applied to her claim for intentional infliction of emotional distress, and 3) the district court erroneously determined that no genuine issues of material fact exist as to whether Oscar Jordan and/or the Mississippi Power Company committed acts of sexual discrimination against her.

Having carefully considered the briefs on appeal and having fully reviewed the record, we conclude that the district court properly determined Jordan is not an "employer" for purposes of Title VII liability.  As such, the district court properly granted his Rule 12(b)(6) motion to dismiss.  Furthermore, we find no error in the application of the one-year statute of limitations under Mississippi law to Boley's claims for intentional infliction of emotional distress.  As such, for essentially the reasons stated by the district court, we AFFIRM the dismissal of any individual claims against Oscar Jordan and we AFFIRM the dismissal of Boley's claims for intentional infliction of emotional distress.

We further conclude, upon a full consideration of all summary judgment evidence submitted, the district court properly found Boley failed to demonstrate a *prima facie* case of gender discrimination as required under Title VII.  Accordingly, the district court's summary judgment dismissing Boley's Title VII claims against the Mississippi Power Company is AFFIRMED. AFFIRMED.